

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
ROOM 400
NEW YORK, NEW YORK 10281-1022

October 23, 2014

<u>**By ECF**</u>

The Honorable John G. Koeltl
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

     Re:   *SEC v. Rajaratnam,* 13 Civ. 1894 (S.D.N.Y.)

Dear Judge Koeltl:

     Plaintiff Securities and Exchange Commission (the "Commission") hereby respectfully submits a copy of a Consent and proposed Final Judgment ("Judgment") as to Defendant Rajarengan (a/k/a Rengan) Rajaratnam. We have also submitted an electronic copy of this letter and the Consent and Judgment to the Judgment Clerk of the Court, in accordance with ECF Rule 18.4.

     This action, which the Commission filed in March 2013, involves allegations of insider trading by Mr. Rajaratnam in the securities of Polycom, Inc., Hilton Hotels Corporation, Clearwire Corporation ("Clearwire"), Akamai Technologies Inc., and Advanced Micro Devices Inc. ("AMD") at various times from January 2006 to August 2008. Mr. Rajaratnam was a portfolio manager at the now-defunct hedge fund advisory firms Sedna Capital Management, LLC ("Sedna") and Galleon Management, LP ("Galleon"), the latter a firm that was founded and run by Mr. Rajaratnam's brother, Raj Rajaratnam. The Commission alleges that with respect to each company, Raj Rajaratnam obtained material nonpublic information concerning the company from a company insider, or from someone who had obtained information from a company insider, and then passed that information to Mr. Rajaratnam. The Commission further alleges that while in possession of the inside information, Mr. Rajaratnam profitably traded in his personal brokerage account or on behalf of Sedna or Galleon hedge funds that he managed.[1]

---

[1] In March 2013, simultaneous with the filing of the Commission's action, the U.S. Attorney's Office for the Southern District of New York (the "Government") filed an indictment against Mr. Rajaratnam charging him with securities fraud and conspiracy to commit securities fraud in connection with his alleged insider trading in Clearwire and AMD. Mr. Rajaratnam proceeded to trial in June and July, 2014. At the close of the Government's case-in-chief, the Court dismissed

The Honorable John G. Koeltl
October 23, 2014
Page 2

As part of the proposed settlement that the Commission is submitting for the Court's review, Mr. Rajaratnam has agreed to the entry of an order: (i) permanently enjoining him from violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Exchange Act Rule 10b-5; (ii) ordering Mr. Rajaratnam to pay disgorgement in the amount of $372,264.42, plus prejudgment interest thereon in the amount of $96,714.27;[2] and (iii) ordering Mr. Rajaratnam to pay civil monetary penalties pursuant to Section 21A of the Exchange Act in the amount of $372,264.42. The total monetary Judgment against Mr. Rajaratnam would amount to $841,243.11. The Judgment would be payable in four equal installments, with the first installment due 14 days after entry of the Judgment and the remaining payments due 120, 240, and 360 days after entry of the Judgment. Under the terms of this settlement, Mr. Rajaratnam will neither admit nor deny the allegations in the Commission's complaint.[3]

The Commission respectfully requests that Your Honor enter the proposed Final Judgment with respect to Mr. Rajaratnam, which would resolve this action. Counsel for Mr. Rajaratnam joins in this request. We are available for a conference should the Court have any questions.

Respectfully submitted,

s/
Matthew J. Watkins
John P. Henderson
Senior Counsel

Attachments

cc:     Daniel M. Gitner, Esq. (by email)
        David C. Tobin, Esq. (by email)
        Counsel to Rengan Rajaratnam

---

the Government's securities fraud counts. Thereafter, the jury acquitted Mr. Rajaratnam on the sole remaining count of conspiracy to commit securities fraud.

[2] Prejudgment interest was calculated at the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

[3] Mr. Rajaratnam has also consented to the entry of an order, in an administrative proceeding to be instituted after the resolution of this case, that would bar him from association with an investment adviser, broker, dealer, municipal securities dealer, or transfer agent, with the right to apply for reentry after five years.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

RAJARENGAN (a/k/a RENGAN)
RAJARATNAM,

Defendant.

13 CV 1894 (JGK)

## FINAL JUDGMENT AS TO DEFENDANT RENGAN RAJARATNAM

The Securities and Exchange Commission having filed a Complaint and Defendant Rengan Rajaratnam, having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $372,264.42, representing profits gained as a result of the conduct alleged in

the Complaint, together with prejudgment interest thereon in the amount of $96,714.27, and a

civil penalty in the amount of $372,264.42, pursuant to Section 21A of the Exchange Act [15

U.S.C. § 78u-1]. Defendant shall satisfy this obligation by paying $841,243.11 to the Securities

and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph

III below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Rengan Rajaratnam as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant

to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 14 days following the failure by the Defendant to make any payment

required by the payment schedule set forth in paragraph III below.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Rengan Rajaratnam

shall pay the total of disgorgement, prejudgment interest, and penalty due of $841,243.11 in four

installments to the Commission according to the following schedule:  (1) $210,310.78, within 14

of days of entry of this Final Judgment; (2) $210,310.78, within 120 days of entry of this Final

Judgment; (3) $210,310.78, within 240 of days of entry of this Final Judgment; and (4)

$210,310.78, plus post-judgment interest, which accrues within pursuant to 28 U.S.C. § 1961,

within 360 of days of entry of this Final Judgment.  Payments shall be deemed made on the date

3

they are received by the Commission and shall be applied first to post judgment interest. Prior to making the final payment set forth herein, Rengan Rajaratnam shall contact the staff of the Commission for the amount due for the final payment.

If Rengan Rajaratnam fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

RAJARENGAN (a/k/a RENGAN)
RAJARATNAM,

Defendant.

13 CV 1894 (JGK)

## CONSENT OF DEFENDANT RENGAN RAJARATNAM

1.     Defendant Rengan Rajaratnam ("Defendant"), having waived service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)     permanently restrains and enjoins Defendant from violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

(b)     orders Defendant to pay disgorgement in the amount of $372,264.42, plus prejudgment interest thereon in the amount of $96,714.27; and

(c)    orders Defendant to pay a civil penalty in the amount of $372,264.42

under Section 21A of the Exchange Act [15 U.S.C. § 78u-1].

3.    Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or

indemnification from any source, including but not limited to payment made pursuant to any

insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the

Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that he

shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state,

or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment,

regardless of whether such penalty amounts or any part thereof are added to a distribution fund

or otherwise used for the benefit of investors.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of

the Final Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no threats,

offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to

enter into this Consent.

7.    Defendant agrees that this Consent shall be incorporated into the Final Judgment

with the same force and effect as if fully set forth therein.

8.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation byDefendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this

action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial

obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings

in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action.  For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Final Judgment to

the Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated: _October 15, 2014_

_____
Rengan Rajaratnam

On _October 15_, 2014, _Rengan Rajaratnam_, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

ADELE D. CALMEL
Notary Public, State Of New York
No. 01CA5011796
Qualified In New York County
Commission Expires June 15 _2015_

Approved as to form:

_____
Daniel M. Gitner, Lankler Siffert & Wohl LLP
Attorney for Defendant

5