**ROBERT G. LEINO**
Attorney at Law
15 W. 55th Street, 6D
New York, New York 10019
(917) 613-5926
rgleino@leinolaw.com

January 16, 2018

**VIA ECF**

Hon. John G. Koeltl
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

     Re:    *Securities and Exchange Commission v. Rajaratnam*;1:13-cv-01894-JGK

Dear Judge Koeltl:

    I represent third-party, Craig Wireless Systems, Ltd. ("Craig"), a telecommunications business headquartered in Palm Springs, CA. I wrote to Your Honor to request that the Court schedule and conduct a hearing to determine whether defendant Rajaratnam is in contempt of Court, by violating the Court's Order of October 28, 2014, Document 25 in the Docket. This letter is Craig's reply to defendant's response (Document 29) to Craig's December 6, 2018 letter.

    First of all, it is clear that we never said that a third-party can file a contempt of court motion. However, we specifically stated that the Court retains jurisdiction and does have authority to determine contempt. We have drawn to Your Honor's attention defendant's conduct which supports a finding of contempt.

    Secondly, the defendant never filed his own affidavit. The Court should weigh the affidavit of an attorney very lightly when defendant had an opportunity to respond. While the affiant states that the charges are serious, my client also faces a serious situation: being a co-owner of Cayman where the other owner, Everest, is a partnership that has criminals and suspected criminals as partners. The Everest partnership agreement was signed by the Galleon Group whose principal is defendant's brother, Raj Rajaratnam. Raj Rajaratnam is currently incarcerated for securities violations that occurred in the Southern District. Meanwhile, defendant also was charged, but acquitted of, securities violations. Accordingly, Everest is a serious threat to my client's rights.

    Thirdly, there are serious falsifications to authorities in connection with this matter. Affiant, Michael Wigley states under oath that his client does not own the Cayman shares and that there was no assignment or transfer. At the same time, his client, Malcolm Dick, the principal of Blue Reach, has stated to the government of New Zealand that he is a 50%

shareholder of Cayman. Please see the attached letter from Malcolm Dick to Len Starling. Somebody is not telling the truth; either Malcolm Dick/Blue Reach owns the share as he states, or he does not own shares as Michael Wigley states, and somebody is not telling the truth to governmental authorities. These misrepresentations are further proof of the deceit which is connected with defendant's misconduct. This proof shows that a contempt hearing should be held.

The Assignment Agreement clearly shows that there were 100 shares transferred from Everest to Blue Reach. My client, Craig, never even knew about the assignment until discovery, and Mr. Wigley is wrong in stating that Craig initiated arbitration to challenge the agreement. The arbitration was started to seek damages on other claims. Furthermore, the arbitration is in Canada where the power of the forum to subpoena defendant Rajaratnam is limited.

As for citations to authority regarding fraud, Craig reported this matter to the Court within the 3-page limit of Your Honor's Individual Rules. We are prepared to fully brief all legal issues. Under the Court's Order, defendant Rajaratnam is under a duty to not violate fraud provisions. This Order covers what defendant did: not revealing to Craig a material share assignment from Everest to Craig's competitor, Blue Reach.

As for reporting this incident to the Court, it is standard procedure to allow for the reporting of confidential matters to a court or law enforcement agency, which is what Craig has done.

Further cause for having an evidentiary hearing is Mr. Wigley's admission that he "was not involved" and "can only speak to what I have heard and seen". Also, even though the Court gave an opportunity to respond, Everest did not submit any affidavit by Rajaratnam, the manager Prakash, or the attorney Deliso.

Regarding the allegation that the Cayman shares can later be acquired in an option, the caselaw we cited in our December letter supports the legal conclusion that shares were assigned and transferred, and were a sale under the Securities Act. Mr. Wigley's form-over-substance argument fails to confront the elements of a sale, cited in our December 6th letter, or explain why the assignment was not a sale. The affiant's statements at paragraphs 21 and 24 are conclusory, self-serving statements of legal opinion, and are not statements of facts by competent witnesses. My client and I believe that the share transfer has occurred, on the facts and law.

Paragraph 23 of the affidavit is contradicted by the fact that Malcolm Dick and his business, Blue Reach, have co-opted Cayman. Further, Mr. Dick is behind the excessive litigation in connection with the arbitration proceeding. My client has been locked out and is attempting to get his half-share of the company back.

Wherefore, Craig Wireless respectfully requests that the Court schedule the above matter for an evidentiary hearing.

I affirm that the above letter is true and correct, under penalty of perjury.

2

                                                        Respectfully,

                                                           /s/

                                                  ROBERT G. LEINO

cc All counsel of record via ECF
    Everest via email to Peter Deliso
    Cayman via email to  Michael Wigley