**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES AND EXCHANGE COMMISSION,

- against -

RAJARENGAN RAJARATNAM,

              Defendant.

13-cv-01894 (JGK)

MEMORANDUM OPINION
AND ORDER

---

**JOHN G. KOELTL, District Judge:**

    Craig Wireless Systems, Ltd. ("Craig"), a non-party, has brought a motion for contempt against Rajarengan Rajaratnam, the defendant in this enforcement proceeding by the Securities and Exchange Commission (the "SEC"). Craig accuses the defendant of perpetrating a fraud against it in violation of the Court's Final Judgment entered in this action, which prohibits the defendant from violating Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. Docket No. 25.

    Craig asserts the following facts in support of its motion. Rajaratnam is a limited partner in the company Everest Wireless Partners I LP ("Everest"). Everest and Craig are co-owners of Cayman Spectrum (NZ) Co. ("Cayman"). Craig asserts that Everest, in violation of the shareholders' agreement governing the organization of Cayman, transferred its shares in Cayman to a third-party without notifying -- or gaining the consent of -- Craig.

Craig asserts that this transfer violated Section 10(b) and Rule 10b-5 because it was a fraudulent sale of securities. Craig therefore requests a finding of contempt against Rajaratnam for violating the Final Judgment. Craig has also brought an arbitration against Everest in Canada and that arbitration proceeding is ongoing. Craig has further brought this matter to the attention of the SEC which has taken no action.

Rajaratnam argues that Craig does not have standing to move this Court for a finding of contempt because it is not a party to the Final Judgment, and neither the public nor victims have standing to file a contempt motion in such circumstances. See Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975) ("[A] well-settled line of authority from this Court establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefitted from it."). In its reply letter, Craig conceded that they do not have standing as a third-party. See Docket No. 30, at 1 ("[I]t is clear that we never said that a third-party can file a contempt of court motion.").

However, Craig argues that, even though it does not have standing, this Court should exercise its inherent authority to make a finding of contempt. See S. New England Tel. Co. v.

2

Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) ("[T]he district courts have the inherent power to find a party in contempt for bad faith conduct violating the court's orders . . . ."). While the Court does retain inherent authority to issue a finding of contempt sua sponte, this case does not warrant such an exercise of discretion.

As an initial matter, before a court can making a finding of contempt under its inherent power and issue sanctions, the court must find that there was bad faith. Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 338 (2d Cir. 1999). "Bad faith can be inferred when the actions taken are 'so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.'" Id. There has been no evidence brought before the Court by the parties -- or otherwise -- that would justify a finding of bad faith under this standard. A sua sponte order of contempt is particularly unwarranted in this case because the only evidence provided by Craig in support of the motion is an unsworn letter from a lawyer representing the company -- and that letter is contested by the sworn affirmation of a lawyer for Everest, who set forth a reasonable rebuttal to the allegations.

Notably, the SEC has also refused to institute proceedings against Rajaratnam, even though the matter was referred to them by Craig. And Craig's complaints of fraud can be fully and

3

fairly litigated in the arbitration in Canada. Under these circumstances, the Court should not exercise its inherent authority to issue a finding of contempt.

For the reasons set forth above, Craig's motion for contempt is **denied**. The Clerk of Court is directed to close all pending motions.

**SO ORDERED.**

**Dated:** New York, New York
January 24, 2018

_____
John G. Koeltl
**United States District Judge**